996 F.2d 318
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Carol J. BRINK, Petitioner,
v.
DEPARTMENT OF ARMY, Respondent.
 No. 93-3046.
 United States Court of Appeals, Federal Circuit.
 April 13, 1993.
 
 Before PLAGER, LOURIE and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Carol J. Brink (Brink) petitions for judicial review of the June 2, 1992 decision of the Administrative Judge (AJ), Docket No. CH0752920301I1, which upon denial of review on October 18, 1992 became the final decision of the Merit Systems Protection Board (MSPB or Board). 5 C.F.R. § 1201.113(b) (1992). At issue was the Department of the Army's (Army) removal of Brink from the position of Production Support Clerk (Typing) for absence without leave (AWOL). The Board sustained the removal. We must affirm.
 
 DISCUSSION
 
 2
 Brink was an employee of long standing with the Army. However, it appears that Brink recently had developed recurring medical problems. Brink was granted 166 hours of advance sick leave in 1989, and 749 hours of leave without pay in 1990. On March 20, 1991, Brink again requested advance sick leave. That request was denied by her supervisor for two reasons. First, he did not believe that the Army could recoup the requested advance sick leave, given Brink's past history of medical problems and Brink's historical failure to accrue a balance of unused leave time. Second, Brink's absences had hampered operations in her department in an unacceptable manner in the past, and would do so in the future. Her supervisor told Brink that if she did not report for work on April 1, 1991, she would be considered AWOL, which was grounds for removal. Brink did not report for work on that day, and she was placed on AWOL status.
 
 
 3
 The Army informed Brink on November 26, 1991, that if she did not report for work by December 2, 1991, she would be removed. Brink appeared at the worksite on that day, but only to deliver a medical statement which expressed the doctor's opinion that Brink was able to return to work but not in her current position, since she was in "extreme conflict with her boss." Brink claims that this action was intended to express her willingness to resume employment, but in a different position. Instead of finding Brink another position, Brink's supervisor proposed her removal on December 9, 1991. That removal was effectuated on February 3, 1992.
 
 
 4
 The AJ sustained the agency's removal of Brink, noting that Brink had been AWOL for a total of 1440 hours in 1991. The AJ correctly noted that the Army was not required to grant Brink's request for leave. The AJ further found that the inconvenience caused by Brink's absence outweighed her individual needs, and that her absence was "long, indefinite, and without a foreseeable end." Finally, the AJ correctly noted that an agency is not required to reassign an employee to another position rather than removing that employee when circumstances warrant.
 
 
 5
 As noted above, the full Board declined Brink's petition for review. The Board also declined to consider materials filed by petitioner after the close of the record, because Brink had not demonstrated that those materials had not been readily available prior to the close of the record. Brink's appeal brief argues that the Board erred in so holding, and that the submission was late because Brink erroneously believed that an attorney would be filing her petition in a timely manner. Pet.App. Tab B. However, Brink has not shown that the evidence was unavailable prior to the close of the record, and thus her submission was properly rejected by the Board. 5 C.F.R. § 1201.114(i) (1992).
 
 
 6
 The legal standard by which the Federal Circuit reviews decisions of the MSPB is that the decision must be affirmed unless it is found to be:
 
 
 7
 1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
 
 
 8
 2) obtained without procedures required by law, rule or regulation having been followed; or
 
 
 9
 3) unsupported by substantial evidence.
 
 
 10
 See 5 U.S.C. § 7703 (1988). Here, the decision correctly states the legal requirements and is supported by substantial evidence in the record. Accordingly, we must affirm that decision.
 
 
 11
 No costs.